## James Hoy *v.* The State.

1. Limitation — Charge of the Court.— Though it is incumbent on the State to prove an offense not barred by limitation, yet there is no occasion to instruct the jury as to the period of limitation when nothing in the evidence raises a question whether the prosecution is barred.

2. Practice.— Enforcement of the rule to sequester witnesses is largely discretionary with the trial court, and its action in that respect will be revised only when abuse of the discretion to the prejudice of the appellant is made to appear.

3. Verdict.— Misspelling does not invalidate a verdict when no doubt obtains as to the word intended, or as to its meaning.

Appeal from the District Court of Wood. Tried below before the Hon. John C. Robertson.

The indictment charged the appellant with the theft of two double-barreled shot guns, worth twenty dollars each,

from C. C. Pegues, on January 22, 1880. The trial was had in June, 1881, and resulted in a verdict of guilty and assessment of his punishment at "2 years in the State Penitenilery."

The evidence was unusually direct and inculpatory of the appellant. In his motion for a new trial he complained that, the witnesses being under the rule, one of them who had already testified conversed about the case with others who had not testified.

*L. G. Wright,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

WHITE, P. J. In *Vincent* v. *State,* 10 Texas Ct. App. 331, it was held that whilst it was incumbent upon the State to prove an offense not barred by limitation, still, when nothing in the evidence raises a doubt as to whether the prosecution was barred, there is no occasion for instructions from the court to the jury upon the subject. This disposes of the only objection urged by appellant to the charge of the court in the case before us.

Another error complained of is that the witnesses talked to each other about the case after being placed under the rule. This objection is presented in the affidavit of defendant to the motion for new trial, as follows, viz.: "that he is informed and believes that T. J. Goodwin heard the said witnesses talking about said cause as above stated; that T. J. Goodwin is absent so that his affidavit cannot be procured." This affidavit is entirely too indefinite and uncertain, in that it does not state who informed him, nor what the witnesses said about the case. When the rule is invoked a wide discretion is vested in the presiding judge, and the exercise of this discretion will not be revised on appeal unless an abuse of it to the prejudice of the defendant is made to appear. *McMillan* v. *State,* 7 Texas Ct. App. 142; *Walling* v. *State,* 7 Texas Ct. App.

625; *Davis* v. *State*, 6 Texas Ct. App 196. As here shown, we cannot from the uncertainty and meagerness of the statement made in the affidavit say whether the court has or has not abused its discretion.

As to the verdict, the misspelling of the word "penitentiary" is upon a par with the spelling of the same word in the verdict in the case of *McMillan* v. *State*, 7 Texas Ct. App. 100, in which case it was held that misspelling does not vitiate a verdict when no doubt can be entertained as to the words intended or as to their meaning. See Clark's Crim. Laws of Texas, pp. 532, 533, and note.

So far as the evidence adduced on the trial is concerned, we do not hesitate to say that, if correctly reported in the statement of facts, we cannot well see how the jury could have arrived at any other conclusion than guilt, if satisfied of its truth; and of this latter they were also the sole judges.

There is no error made apparent from the record, and the judgment is affirmed.

*Affirmed.*